Robinson, J.
 

 This action was brought under favor of Section 5967, General Code, and involves the construction of that section. The'question, however, arises, not out of any ambiguous language appearing therein, but out of the express limitations contained in related Sections 5966 and 5969, General Code. The latter two sections were enacted March 12, .1831, and were Sections 2 and
 
 4
 
 of “an act for the prevention of gaming” (29 Ohio Laws, p. 442).
 

 On April 16, 1919 (108 Ohio Laws, pt. 1, p. 218),
 
 *51
 
 the legislature passed an act “to amend Section 5966 of the General Code, relating to actions- at law in betting.” This amendment changed the second paragraph of Section 5966 relating to business transacted upon a regularly established stock exchange or board of trade, and the provision was made applicable to Section 5969 as well as to Section 5966. The pertinent portions of those sections are:
 

 ‘£ See. 5966. If a person, by playing a game, or by a bet or wager, loses to another money or other thing of value, and pays or delivers it or a part thereof, to the winner thereof, such person so losing and paying or delivering, within six months after such loss and payment or delivery, may sue for and recover such money or thing of value or part thereof, from the winner thereof, with costs of suit * # *.”
 

 “Sec. 5969. If a person losing money or thing of value as provided in section fifty-nine hundred and sixty-six of this chapter, within the time therein specified, and without collusion or deceit, does not sue, and effectively prosecute, for such money or thing of value, any person may sue for and recover it, with costs of suit, against such winner thereof, for the use of such person prosecuting such suit.”
 

 Section 5967 was enacted April 11, 1873 (70 Ohio Laws, 124), and was enacted as “amendatory of and supplementary to the act entitled ‘An act for the punishment of certain offenses therein named,’ passed March 8, 1831,” and enacts “That section forty-three of the above entitled act be so amended. ’ ’ Section 43 of the act of 1831 (29 Ohio Laws, 152) reads:
 

 “That if -any person shall open, set on foot, carry on, promote, make or draw publicly or privately,
 
 *52
 
 any lottery or scheme of chance, of any kind or description, by whatever name, style, or title the same may be denominated or known; or if any person shall, by such ways or means,' expose or set to sale any house or houses, lands or real estate, or any goods or chattels, cash or written evidence of debt, or certificates of claims, or any thing or things of value whatever; every person so offending shall, on conviction thereof, be fined in any sum not exceeding five hundred dollars, at the discretion of the court.”
 

 The act contained 58 sections, defining numerous offenses and prescribing punishments therefor. Just why the legislature, in 1873, should have declared this particular section to be amendatory to Section 43 of the act for the punishment of certain offenses, instead of being amendatory to the act, of the same month and year, for the prevention of gaming, does not appear; but that Sections 5966 and 5969 are related sections cannot be gainsaid.
 

 Manifestly Section 5967, but for the existence of Sections 5966 and 5969, is sufficient unto itself. Section 5967 reads:
 

 “A person who expends money or thing of value, or incurs an obligation for the purchase of or to procure a lottery or policy ticket, hazard or chance, or an interest therein, in or on account of a lottery, policy, scheme of chance, game of faro, pool or combination, keno or scheme of gambling, or a person dependent for support upon or entitled to the earnings of such person, or a citizen for the use of the person so interested, may sue for and recover from the person receiving such money, thing of value or obligation, the amount thereof, with exemplary damages, which shall not be less than fifty
 
 *53
 
 dollars nor more than five hundred dollars, and may join as defendants in such suit all persons having an interest in such lottery, policy or scheme of chance, or the possible profits thereof, as backers, vendors, owners or otherwise.”
 

 This section creates definite rights and provides definite remedies or penalties. The declaration of the legislature, in its enactment, that it was supplementary of Section 43 of the act of 1831 “for the punishment of certain offenses,” would not preclude its repeal, by implication, of Sections 2 and 4 (now Sections 5966 and 5969, General Code) of the act of 1831 “for the prevention of gaming.” But the amendment and re-enactment of Section 5966 of April 16, 1919, and the limitation of Section 5969 by that amendment, do preclude the repeal now of those sections by implication, since if repealed by implication they necessarily were so repealed by the amendment of 1873. That situation therefore requires the construction of the three sections in harmony with each other, with a view to giving effect to the various provisions of each; and such construction requires the application of the limitations of Sections 5966 and’ 5969 to the rights created in Section 5967. The judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Allen, Kinkade, Jones and Matthias, JJ., concur.