**MARX et v SCOTT et**
(3 cases)

Ohio Appeals, 6th Dist, Lucas Co

Decided April 5, 1937

Alfred J. Croll, Toledo, and B. B. Moses, Toledo, for appellants.

Williams, Eversman & Morgan, Toledo, Smith, Beckwith, Ohlinger & Froelich, Toledo, Bryce, Duffey & Adkins, Toledo, Holloway, Peppers & Romanoff, Toledo, and Hugh C. Laughlin, Toledo, for appellees.

## OPINION

By CARPENTER, J.

The error assigned in these cases is that the trial court sustained demurrers to the petitions. The form of the petition in each case is exactly the same. The issue in the first case will be disposed of. The other two cases will follow that disposition.

The petition is drawn under the gaming statutes, §§5966 to 5969, GC, and the plaintiff as "any person," or an informer, prosecutes the claim for his own use under §5969, GC. The defendants are two corporations and thirteen individuals, two of whom are alleged to be the owners of or to have an interest in the real estate where the alleged gambling scheme was conducted. It is further alleged that all "defendants, and their respective agents and employees, were aiding in the promotion, operation and maintenance of aforesaid gambling scheme, on said premises, in part denominated The Toledo Business Men's Chain Letter Enterprise, as backers, owners, vendors, distributees and otherwise therein interested," from the 18th to the 28th day of May, 1935.

"That defendants and their aforesaid representatives, intending to unlawfully deprive the persons hereinafter designated of their several amounts of money becoming payable to and received by defendants and their agents for the purchase of lottery chances, did fraudulently and wrongfully conspire, combine and agree to and did aid in the promotion, operation and maintenance of said gambling scheme as aforesaid, conducted at No. 213 Summit Street on said premises, and said designated persons, between the 18th and 28th days of May 1935, expended such amounts of money, with defendants and their aforesaid representatives which they received and retained to their use in gaming, for the purpose of a lottery chance, and for all of which defendants became respectively indebted to each of said designated persons, without their having prosecuted any recovery suit, with exemplary damages, therefor and whereby causes of action have accrued to plaintiff, under the Ohio Statute against gaming, as follows:

"1st Cause of Action: Plaintiff says that George Alex expended a $5.00 amount on about 22nd day of May 1935, received by defendants, at their conducted business place in Lucas County, for a lottery purchase chance in their gambling scheme operations, wherefor defendants now are indebted to plaintiff and for $500, exemplary damages, to the use of said party, Arthur N. Marx."

In the same form, the petition states 616 more separate causes of action, naming a different person and different amounts as expended.

The prayer is that **plaintiff** may have judgment for $312,182, and costs, "as for amount expended in and on aforesaid alleged scheme of gambling with exemplary damages as provided for by law."

To this petition demurrers were filed upon three grounds:

1. The petition does not state facts which show a cause of action;

2. There is a misjoinder and defect of parties plaintiff; and

3. Several causes of action are improperly joined.

The trial court sustained these demurrers on all three grounds, and plaintiff not wishing to plead further, final judgment was entered for the demurring defendants. From this judgment plaintiff appealed on questions of law.

All the questions involved in the error assigned turn upon a consideration of §§5966, 5967 and 5969, GC. Whatever right of action plaintiff had must be found in these sections, the material parts of which are as follows:

Sec 5966 GC. "If a person, by playing a game, or by a bet or wager, loses to another money or other thing of value, and pays or delivers it or a part thereof, to the winner thereof, such person so losing and paying or delivering, within six months after such loss and payment or delivery, may sue for and recover such money or thing of value or part thereof, from the winner thereof, with costs of suit. * * *"

Sec 5967 GC. "A person who expends money or thing of value, or incurs an obligation for the purchase of or to procure a lottery or policy ticket, hazard or chance, or an interest therein, in or on account of a lottery, policy, scheme of chance, game of faro, pool or combination, keno or scheme of gambling, or a person dependent for support upon or entitled to the earnings of such person, or a citizen for the use of the person so interested, may sue for and recover from the person receiving such money, thing of value or obligation, the amount thereof, with exemplary damages, which shall not be less than fifty dollars nor more than five hundred dollars, and may join as defendants in such suit all persons having an interest in such lottery, policy or scheme of chance, or the possible profits thereof, as backers, vendors, owners or otherwise."

Sec 5969 GC. "If a person losing money or thing of value as provided in §5966 GC of this chapter, within the time therein specified, and without collusion or deceit, does not sue, and effectively prosecute, for such money or thing of value, any person may sue for and recover it, with costs of suit, against such winner thereof, for the use of such person prosecuting such suit."

Sec 5966 GC gives a person who "loses" money to "another" on a game, bet or wager, the right to sue the "winner" and recover the money so lost. If he does not do so within six months, "any person," under §5969 GC, can sue for it for his own use.

Under §5967 GC, a person who "expends money" on a "lottery," "hazard or chance," etc., may recover it with exemplary damages from "all persons having an interest in such lottery," etc. And if he does not do it within six months (Lannon v Worland, 119 Oh St 49, 162 NE 271), "a person dependent for support or entitled to the earnings of such person, or a citizen for the use of the person so interested, may sue."

Hence it appears there are two different rights of action. The plaintiff sought to take advantage of the features in both statutes favorable to him. His only right to recover for his own use, as he seeks to do, is under §5969 GC, but that only gives him the right to recover the money actually lost, and to recover it from the winner only. The petition does not allege what the losses were or that the defendants were the winners, hence it does not state a cause of action under §§5966 and 5969 GC.

From the allegation of the amount "expended" and the description of the defendants and their relation to the alleged gambling scheme, it appears the plaintiff is trying to take advantage of §5967 GC. By that section the right of action given a "citizen," which plaintiff says he is, is "for the use of the person so interested," meaning, either one who expended the money, or his dependent. No such right is created for the benefit of the citizen-plaintiff individually.

From this it appears that the petition does not state a cause of action in favor of the plaintiff under §5967, GC.

As the petition does not state a cause of action under either statute, the trial court did not err in sustaining the demurrer and in entering judgment against the plaintiff. This being true, it is not necessary or appropriate to discuss the grounds of the special demurrers. Such discussion could only be based on suppositions of causes of action properly stated under one or the other of the statutes above quoted.

The judgments in all three cases are affirmed.

Judgments affirmed.

LLOYD and OVERMYER, JJ, concur.